## CIRCUIT COURT OF FAIRFAX COUNTY

First American Bank of Virginia

v.

Business Computer Distributors, Inc.,
Michael V. Rios,
Melanie G. Rios,
Linda V. Poly,
and Robert E. Poly

January 17, 1990

Case No. (Law) 91483

By JUDGE LEWIS HALL GRIFFITH

This matter came before the Court on the defendants' exceptions to the report filed by the Commissioner on January 2, 1990, and was argued by counsel on January 3, 1990. For the reasons stated below, the exceptions are overruled.

On July 19, 1989, each of the defendants individually confessed judgment in favor of the First American Bank of Virginia (First American) for $100,000 plus interest, costs, and attorney fees. The judgment arose out of a loan made to Business Computer Distributors, Inc., by First American. The loan was personally guaranteed by the defendants.

Interrogatories were taken before a Commissioner to ascertain the debtors' estates. The Commissioner filed a report and found that Linda Poly, Robert Poly, and Melanie Rios are the legal and beneficial owners of 23.33% of the outstanding common stock of Pershing Drive Properties, Inc. (PDP), a corporation with valuable real estate assets. The Commissioner ordered the defendants to transfer their

stock interests to the Sheriff to satisfy the outstanding judgment.

The defendants dispute this finding of fact and argue that the evidence taken before the Commissioner shows that the stock was held in trust by the defendants for the benefit of a religious organization known as the Community.

Documents introduced into evidence indicate that the defendants are the owners of the PDP stock without any limitation as to their title. A prospectus prepared by the defendants on PDP to obtain an unrelated real estate loan states:

> The directors of Pershing Drive Properties, Inc., are Robert Ernest Poly, Linda Virginia Poly, and Melanie Graves Rios. They each own 23.33% of the outstanding common stock of the Pershing Drive Properties, Inc. The Community, Inc., a D.C. nonprofit, holds the remaining 30%.

Plaintiff's Exhibit No. 1, Section I-1.

The defendants do not dispute that they are at least the legal title holders of the stock. Although certificates were never issued, when asked, the defendants did not deny ownership but responded, each in some fashion, that they held the stock in trust for the Community.

Trusts are legal relationships. The law recognizes a relationship as a trust only under defined circumstances. The defendants have not shown that any such circumstances exist. While they insist a trust exists, they have not demonstrated how this trust came into being or what type it is; *i.e.*, express, resulting or constructive, written or parol. The existence of a trust relationship typically requires a high burden of proof. *E.g.*, *Russell v. Passmore*, 127 Va. 475, 103 S.E. 652 (1920). (Clear and unequivocal evidence necessary to establish an oral express trust); *Moth v. Gamble*, 216 Va. 436, 219 S.E.2d 894 (1975) (Clear and convincing evidence necessary to establish an implied trust). The defendants have not met any of these high standards. The Commissioner's finding that each defendant is the legal and beneficial owner of their respective shares of stock is supported by competent and preponderating

proof and is affirmed. *Leckie v. Lynchburg Trust and Savings Bank*, 191 Va. 360, 60 S.E.2d 923 (1950).

To the extent that any interest of the Community has been adjudicated, the Court finds that its interests have been adequately protected. While the Community was not officially before the Court, the defendants constitute the whole of that organization's directors, officers, and members and their individual interests, given the unique nature of their organization, directly parallels the interests of the Community.

At the conclusion of the hearings, the Commissioner ordered the defendants to transfer their stock interests to the Sheriff of Fairfax County to satisfy the plaintiff's judgments. This was in error. The exclusive procedure for levy on corporate stock is set out in Va. Code Section 8.8-317 (1989 Supp.). The plaintiff may satisfy his judgment from the corporate stock of the defendants but only in compliance with this section.

The defendants' exceptions to the Commissioner's findings regarding the stock of Pershing Drive Properties, Inc., are overruled.